PEOPLE *v*. WINTERHELD.

ON REHEARING.

SEARCHES AND SEIZURES — EVIDENCE OBTAINED FROM UNLAWFUL SEARCH IN ANOTHER STATE.

Evidence obtained by officers of another State in such other State through a search and seizure unlawful in both that and this State should not have been admitted in prosecution for breaking and entering in the nighttime, hence, convictions are reversed on rehearing in view of recent decision of the supreme court of the United States making evidence so obtained inadmissible.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted on rehearing April 12, 1962. (Docket No. 69, Calendar No. 47,955.) Decided May 17, 1962.

Leonard Winterheld and Robert Winterheld were convicted of breaking and entering in the nighttime. On rehearing convictions reversed and case remanded.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, and *James R. Ramsey,* Assistant Attorney General, for the people.

*Garry E. Brown,* for defendants.

ON REHEARING.

DETHMERS, J. Defendants' convictions of breaking and entering in the nighttime were affirmed by this

---

REFERENCES FOR POINTS IN HEADNOTE

20 Am Jur, Evidence §§ 394, 395.
Modern status of rule governing admissibility of evidence obtained by unlawful search and seizure. 50 ALR2d 531.

Court on April 12, 1960. As will appear from our opinion, reported at 359 Mich 467, involved was the question of admissibility in a criminal case in a court of this State of evidence obtained in another State by officers of that State, through a search and seizure unlawful in both that and this State. We held that the exclusionary rule did not extend to those circumstances. In holding that a Federal question was not presented, reference was made to *Wolf* v. *Colorado,* 338 US 25 (69 S Ct 1359, 93 L ed 1782), and other cases.

Since then, on June 19, 1961, the supreme court of the United States handed down its decision in *Mapp* v. *State of Ohio,* 367 US 643 (81 S Ct 1684, 6 L ed 2d 1081, 84 ALR2d 933), overruling *Wolf.* In view of that decision, this Court on September 21, 1961, granted defendants' motion for leave to file a delayed application for rehearing and on November 30, 1961, granted their motion for rehearing.

As now submitted, on rehearing, we conclude, in accord with the holding in *Mapp,* that the evidence in question should not have been admitted. In consequence, the order denying motion to suppress and the convictions are reversed, the sentences thereon set aside, and the case remanded for new trial.

Carr, C. J., and Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.

Adams, J., did not sit.